# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| MICHELLE MEYER, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    CAUSE NO.: 2:17-CV-288-JEM |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Deputy Commissioner for Operations, | ) |
| Social Security Administration, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Michelle Meyer on July 3, 2017, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 18], filed February 23, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 23, 2018, the Commissioner filed a response, and on April 19, 2018, Plaintiff filed a reply.

**I.    Background**

On May 31, 2013, Plaintiff filed an application for benefits alleging that she became disabled on October 31, 2002. Plaintiff's application was denied initially and upon reconsideration. On April 18, 2016, Administrative Law Judge ("ALJ") William E. Sampson held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On July 7, 2016, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.    The claimant has not engaged in substantial gainful activity since May 31, 2013, the application date.

2.    The claimant has severe impairments: degenerative disc disease, seizure

1

disorder, blood clotting disorder, depression, anxiety, and ADHD.

3. The claimant does not have an impairment or combination of impairments that meet or medically equal the severity of one the listed impairments in 20 CFR 404, Subpart P, Appendix 1.

4. The claimant had the residual functional capacity to perform light work, except the claimant can lift and carry twenty pounds occasionally and ten pounds frequently. The claimant can sit for six hours and stand and/or walk for six hours for a total of eight hours in a workday, with normal breaks. The claimant can occasionally climb stairs and ramps, but cannot climb ladders, ropes, or scaffolds. The claimant can occasionally balance, stoop, crouch, kneel, and crawl. The claimant must avoid concentrated exposure to extreme cold and hazards such as dangerous moving machinery and unprotected heights. The claimant is limited to frequent, but not constant, reaching with her bilateral upper extremities and frequent, but not constant, handling and fingering with her dominant right upper extremity. The claimant is limited to simple, routine, repetitive tasks and cannot perform production pace work.

5. The claimant has no past relevant work.

6. The claimant was a younger individual age 18-49, on the date the application was filed.

7. The claimant has at least a high school education and is able to communicate in English.

8. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since May 31, 2013, the date the application was filed.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v.*

*Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ made a number of errors in assessing Plaintiff's RFC and in weighing the evidence in the record. The Commissioner argues that the ALJ's findings are supported by substantial evidence.

Plaintiff's treating neurologist completed a medical source statement addressing the impact of Plaintiff's seizures on her ability to perform work-related activities. She opined that Plaintiff is "severely disabled [and] totally unable to work." The ALJ gave little weight to this opinion. "[A] judge should give controlling weight to the treating physician's opinion as long as it is supported by medical findings and consistent with substantial evidence in the record." *Kaminski v. Berryhill*,

894 F.3d 870, 874 (7th Cir. 2018) (citing 20 C.F.R. § 404.1527(c)(2); *Gerstner v. Berryhill*, 879 F.3d 257, 261 (7th Cir. 2018)); *see also Gudgel*, 345 F.3d at 470; *Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). If the ALJ declines to give a treating source's opinion controlling weight, he must still determine what weight to give it according to the following factors: the length, nature, and extent of the physician's treatment relationship with the claimant; whether the physician's opinions were sufficiently supported; how consistent the opinion is with the record as a whole; whether the physician specializes in the medical conditions at issue; and other factors, such as the amount of understanding of the disability programs and their evidentiary requirements or the extent to which an acceptable medical source is familiar with other information in the claimant's case. 20 C.F.R. §§ 404.1527(c)(2)(i)-(ii), (c)(3)-(6). Furthermore, "whenever an ALJ does reject a treating source's opinion, a sound explanation must be given for that decision." *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011).

The ALJ disregarded Dr. Vyas's opinion as inconsistent with the record and her own treatment notes, primarily because "Dr. Vyas's most recent treatment notes . . . indicates that the claimant is negative for seizures." It is not apparent to the Court how the fact that Plaintiff was not having a seizure while she was in the office for a short visit means that the specialist who treats her for seizures should not be believed regarding how often she suffers from seizures or the effect they have on her ability to work. Similarly, he discounted Dr. Vyas's assessment of Plaintiff's physical limitations because a recent examination was "mostly normal," but neglected to mention the portions of the examination that were abnormal: tenderness in cervical and lumbar paraspinal muscles, limitations in range of motion of her spine, limitations in strength, and a number of absent reflexes.

Although medical evidence "may be discounted if it is internally inconsistent or inconsistent

5

with other evidence," *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)) (other citations omitted), the ALJ "must provide a 'logical bridge' between the evidence and his conclusions." *O'Connor-Spinner*, 627 F.3d at 618. The ALJ failed to build that logical bridge in this case, leaving the Court unable to follow the reasoning behind the ALJ's conclusion that the opinion of Plaintiff's treating neurologist is unsupported by other evidence in the record, a problem that is particularly concerning given the importance of treating physician opinions on issues of residual functional capacity. *See, e.g,. Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) ("While the ALJ is right that the ultimate question of disability is reserved to the Commissioner, a treating physician's opinion that a claimant is disabled 'must not be disregarded.'") (quoting SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996)) (citing 20 C.F.R. § 416.927(e)(2)); *Roddy*, 705 F.3d at 636 ("Even though the ALJ was not required to give [the treating physician]'s opinion [that the claimant could not handle a full-time job] controlling weight, he was required to provide a sound explanation for his decision to reject it.").

In this case, although he mentioned that she was a treating source, the ALJ failed to give controlling weight to the opinion of Plaintiff's treating neurologist, failed to mention her specialty, and failed to address any of the other factors that he was supposed to consider in determining how much weight to give her opinion. The reasons he gave for finding her opinion unsupported cannot be credited. He neglected to mention the numerous abnormal physical findings and used Plaintiff's failure to have a seizure during one physician visit as a reason to disbelieve the neurologist's assessment of what she experiences when she does have them. This demonstrates either impermissible cherry-picking of the record, *see, e.g., Kaminski*, 894 F.3d at 874-75; *Gerstner*, 879 F.3d at 261-63, or a lack of understanding of the medical evidence, leading to the concern that the

6

ALJ is substituting his own medical judgment for that of Plaintiff's treating physician, in violation of the Seventh Circuit Court of Appeals' repeated warning that ALJs are not to make their own independent medical findings and should not "succumb to the temptation to play doctor" because "lay intuitions about medical phenomena are often wrong." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) (citing cases); *see also, e.g., Myles v. Astrue*, 582 F.3d 672, 677-78 (7th Cir. 2009) (warning that an ALJ may not "play[] doctor and reach[] his own independent medical conclusion"); *Blakes v. Barnhart*, 331 F.3d 565, 570 (7th Cir. 2003); *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). Further adding to the Court's concern that the ALJ substituted his own medical judgment for those of physicians is his failure to account for Plaintiff's use of an ambulatory device. The ALJ noted that Plaintiff was prescribed a cane and often used it to help her walk, but did not incorporate the need for an assistive device in the RFC because the psychological consultative examiner "indicated that [Plaintiff] did not need any sort of assistive device" during the examination of her mental limitations, Plaintiff "was able to climb on and off the examination table" at one appointment, and there are medical records that indicate Plaintiff was sometimes able to walk without her cane. Although Plaintiff may not need to use an assistive device at all times, the ALJ completely and explicitly disregarded her use of a cane ***prescribed by a medical professional*** based on his own medical judgment and did not include even occasional use of an assistive device in the RFC. The Court is unable to trace the logic from the actual medical evidence in the record to the ALJ's conclusions about Plaintiff's RFC.

The ALJ also gave little weight to the opinions of Plaintiff's other treating sources who addressed her physical limitations, finding them inconsistent with Plaintiff's medical records, in favor of giving considerable weight to the opinions of non-examining agency medical consultants

7

who merely reviewed Plaintiff's medical records. ALJs are directed to "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [her]." 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). Likewise, "[a]n ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice." *Gudgel*, 345 F.3d at 470 (finding error where "the ALJ did not explain how the evidence in the record contradicts [the examining physician]'s diagnosis"); *see also Vanprooyen v. Berryhill*, 864 F.3d 567, 572–73 (7th Cir. 2017) (finding error where "without any logical explanation, the administrative law judge gave substantial weight to the opinions of consulting physicians who had never examined [the plaintiff], saying only that they had provided "a good synopsis of the evidence" and that "their opinions are consistent with the overall record"); *Aurand v. Colvin*, 654 F. App'x 831, 837 (7th Cir. 2016) ("[T]he problem is that the ALJ has not pointed to any logical reason to discount the opinions of the only examining mental-health professionals, one of whom was the state agency's own consultative examiner, in favor of a non-examining reviewer.").

The ALJ failed to give weight to any of Plaintiff's treating sources, without an explanation that withstands even cursory scrutiny, and failed to explain how the medical evidence in the record supported the RFC. *See, e.g., Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010) ("When an ALJ denies benefits, she must build an 'accurate and logical bridge from the evidence to her conclusion,' and she is not allowed to "play doctor" by using her own lay opinions to fill evidentiary gaps in the record.") (quoting *Clifford*, 227 F.3d at 872; citing *Blakes*, 331 F.3d at 570). On remand, the ALJ is directed to thoroughly address the medical evidence in the record, including properly weighing the reports of examining physicians in accordance with the regulations, and to obtain additional

8

information as needed. *See, e.g., Barnett*, 381 F.3d at 669 ("An ALJ has a duty to solicit additional information to flesh out an opinion for which the medical support is not readily discernable.") (citing 20 C.F.R. § 404.1527(c)(3); SSR 96-2p, 1996 WL 374188 at *4 (July 2, 1996)); 20 C.F.R. §§ 404.1512(d)(1), 416.919(b)). The ALJ is also directed to thoroughly explain how claimed limitations are either incorporated into the RFC or found to be unsupported, without substituting his own judgment for actual medical opinions in the record. In particular, the ALJ is reminded that he must account for Plaintiff's moderate restrictions in concentration, persistence, and pace in the RFC and in any relevant hypothetical to the VE. *Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014) ("As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. This includes any deficiencies the claimant may have in concentration, persistence, or pace.") (collecting cases). He is also reminded that he must not rely on scant evidence of treatment or failure to pursue more radical treatment to discount Plaintiff's reported limitations without first making a determination about whether the perceived lack of treatment is justified and develop the record accordingly. *See* SSR 16-3p, 2016 WL 1119029, *8 (Mar. 16, 2016) ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints.").

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief

in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 18] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 27th day of August, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record